ANNIE M. HUNTER, Plaintiff, *v.* ARTHUR M. HUNTER, Respondent, Impleaded with FRANK K. HUNTER and LEHMAN A. COOPER.

JAMES KILDUFF, Assignee of the Judgment Herein, Appellant.

*A release from a judgment under section 1942 of the Code of Civil Procedure of one partner — it prevents the subsequent appointment of a receiver of the firm assets.*

A release executed, by a person who had recovered a judgment against all of the members of a firm upon a partnership transaction, to one of the judgment debtors, under the provisions of section 1942 of the Code of Civil Procedure, applies to the interest in the firm assets as well as to the individual property of such judgment debtor, and after the execution of such release an assignee of the judgment, taking the same with knowledge of the release, is not entitled to have a receiver appointed of the property of the firm.

APPEAL by James Kilduff, assignee of the judgment herein, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 27th day of July, 1901, denying his motion for the appointment of a receiver in supplementary proceedings.

*Jacob Halstead,* for the appellant.

*E. Ellery Anderson,* for the respondent.

PATTERSON, J.:

This appeal is from an order denying a motion to appoint a receiver in supplementary proceedings of the property of the firm of Hunter, Cooper & Co. The application was made by James Kilduff, the assignee of a judgment recovered by the plaintiff against Arthur M. Hunter, Frank M. Hunter and Lehman A. Cooper, who were the members of the firm above named and who were the original judgment debtors. The judgment was recovered on the 2d of April, 1901; it was assigned to Kilduff on the 7th of May, 1901. In the meantime and on the 2d of April, 1901, the plaintiff (Annie M. Hunter) executed and delivered to Arthur M. Hunter, one of the judgment debtors, a release under the provisions of section 1942 of the Code of Civil Procedure. By that instrument, which recited that an indebtedness existed and that she had recovered thereon a judgment against the firm of Hunter, Cooper & Co. and its individual members and that that firm had been dissolved and that she had agreed to compound or compromise her claim against Arthur M. Hunter, the plaintiff released, acquitted and forever discharged the said Arthur M. Hunter of and from all liability, claim and demand whatsoever for or in respect of the said indebtedness, incurred by reason of his connection with the partnership, provided, however, that the release should have no greater or other effect than is provided for by statute. The assignment of the judgment made by the plaintiff to Kilduff is by its terms expressly made subject to the release given by the plaintiff to Arthur M. Hunter. The court below denied the motion for the appointment of a receiver on the ground that the plaintiff having released and surrendered all claim to the enforcement of the judgment against Arthur M. Hunter, that release applied to his interest in the firm assets of Hunter, Cooper & Co. as well as to his individual property, and we are of the opinion that that view of the effect of the release is the correct one.

The transaction out of which the indebtedness arose was that of a copartnership. Before the statute of 1838 (Laws of 1838, chap. 257) a release of one of the joint debtors would have discharged the others. The purpose of that act and of section 1942 of the Code of Civil Procedure was to preserve, after the dissolution of a copartnership, the liability of all its members, except the one

with whom the creditor might make a compromise or composition of the indebtedness and release from it. Such a release must necessarily operate to prevent enforcement of a claim against any property belonging to the released debtor, whether he owns it in severalty or jointly with others. The foundation of the right to apply any property in which he is interested to the payment of indebtedness, as in this case of a judgment, is taken away. Supplementary proceedings are allowed only against judgment debtors. Arthur M. Hunter ceased to be a judgment debtor. By express provision of the Code of Civil Procedure as to him the judgment was satisfied. The remaining members of the firm were alone the judgment debtors. A receiver of their property might well have been appointed upon Kilduff's application, but Arthur M. Hunter's interest in the assets of the firm could not be resorted to to pay the balance due upon the judgment assigned to Kilduff, and, therefore, could not be sequestered nor taken away from him by process. The object of the appointment of a receiver in supplementary proceedings is to reach the property of judgment debtors so that it may be applied to the payment of the judgment. (Code Civ. Proc. §§ 2449, 2450.) There was no judgment existing as to Arthur M. Hunter, and there is no authority in the law to divest him of his property with the ultimate object of applying it to the payment of an indebtedness which he does not own, but which exists only against third parties. It is true that upon the dissolution of a copartnership the interest of the copartners is in the surplus remaining after the payment of creditors, but that does not affect the present proposition. Arthur M. Hunter has the right to see to the application of the copartnership assets to the payment of copartnership debts. What is due Kilduff on the judgment is not a debt of all the individual members of the copartnership. He took his assignment of the judgment with full knowledge that it was not and subject to the release given to Arthur M. Hunter. He acquired a judgment against only two of the copartners.

The motion was properly disposed of in the court below and the order should be affirmed, with ten dollars costs and disbursements.

VAN BRUNT, P. J., INGRAHAM, HATCH and LAUGHLIN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.